UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS ALLEN PELHAM,

              Petitioner,

vs.                        Case No.  2:05-cv-41-FtM-29SPC

UNITED STATES OF AMERICA,

              Respondent.

_____

### OPINION AND ORDER

On January 31, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1), raising two issues of ineffective assistance of counsel. After determining that an evidentiary hearing was necessary, the Court referred the matter to the assigned magistrate judge for such a hearing and a report and recommendation. (Doc. #10.) Counsel was appointed for petitioner (Doc. #15), and in due course an evidentiary hearing was conducted (Doc. #31). This matter is now before the Court on a Report and Recommendation (Doc. #32) filed on May 16, 2006, by Magistrate Jude Sheri Polster Chappell recommending that the petition be denied. Petitioner filed Objections (Doc. #33) on May 25, 2006.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b()1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir.

1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H. Rep. No. 94-1609, at 3 (1976), as reprinted in 1976 U.S.C.C.A.N. 6162-63). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

The Report and Recommendation accurately sets forth the facts of the case and the legal standards. The Report and Recommendation finds that trial counsel was not ineffective in connection with the two level firearm enhancement. Petitioner makes no objection to this conclusion, and after independent review the Court agrees with the findings and conclusions in connection with counsel's performance concerning the firearm enhancement. No ineffective assistance of counsel has been shown as to this matter.

The Report and Recommendation also concludes that trial counsel was not ineffective in failing to file a notice of appeal. Petitioner has objected to this conclusion, but the Court overrules the objection. It is undisputed that petitioner did not instruct counsel to file a notice of appeal. The Court agrees with the

-2-

Report and Recommendation that under the facts of this case counsel was not required by the Supreme Court or Eleventh Circuit authority to consult with petitioner after sentencing to confirm the decision not to appeal.   The Court also agrees that its statement at the conclusion of sentencing did not create an obligation above and beyond that set forth in <u>Roe v. Flores-Ortega</u>, 528 U.S. 479 (2000). The Court finds no ineffective assistance of counsel.

Accordingly, it is now

**ORDERED**:

1.  The Court **accepts and adopts** the Report and Recommendation (Doc. #32) and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1) is **DENIED**.

2.   The Clerk shall enter judgment in the civil case accordingly and close the civil file.   The Clerk is further directed to file a certified copy of the civil judgment in the associated criminal case file.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of October, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of record
Petitioner